IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHNNY ROTHY PALMER, SEAN KELLY McKEON, and DANIEL JOSEPH BUCK,<br><br>        Plaintiffs,<br><br>    v.<br><br>CLACKAMAS COUNTY OREGON, CLACKAMAS COUNTY SHERIFF'S OFFICE, DOES 1-10,<br><br>        Defendants. | CV. 10-1147-ST<br><br>ORDER |

HAGGERTY, District Judge.

    Plaintiffs attempt to jointly bring this 42 U.S.C. § 1983 action, which they filed on September 21, 2010. At the time of filing, all plaintiffs were incarcerated at FCI-Sheridan.

    On September 21, 2010, this court issued a Notice of Case Assignment to all plaintiffs. On October 4, 2010, the Notices were all returned to the court for lack of a current address. Because plaintiffs did not provide the court with a current address, the

1 - ORDER

court ultimately dismissed their case on December 8, 2010. Plaintiffs later moved to reopen their case, a Motion which the court granted, and now appear ready to proceed with their multi-plaintiff *pro se* lawsuit.

At this time, plaintiff Palmer is incarcerated at the Multnomah County Inverness Jail, and plaintiffs McKeon and Buck appear to have been released. In this court's experience, an action brought by multiple plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion, especially where incarceration plays a factor. As already demonstrated by this case, delay and confusion often arise from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Moreover, *pro se* plaintiffs who attempt to jointly file a single lawsuit run the risk of infringing upon the well-established principle that although a non-attorney may appear on his own behalf, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981).

For these reasons, the court severs plaintiffs McKeon and Buck from this action. *See* Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own

2 - ORDER

initiative at any stage of the action and on such terms as are just."); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). Should plaintiffs McKeon and Buck wish to individually file lawsuits, they are free to do so.

Plaintiff Palmer is the sole remaining plaintiff in this case. His Complaint is currently not cognizable because he attempts to secure judicial relief on behalf of other individuals who are no longer parties to this lawsuit. Accordingly, should plaintiff Palmer wish to continue with this action, he must file an amended complaint which raises claims only on his own behalf.

## ORDER

Plaintiffs McKeon and Buck are DISMISSED from this lawsuit, without prejudice to their right to file their own individual civil rights complaints.  Should plaintiff Palmer wish to continue with this action, he must file an amended complaint within 30 days. Plaintiff Palmer's amended complaint must only raise issues which he can litigate on his own behalf.  Plaintiff Palmer's failure to file an amended complaint with the court within 30 days will result in the dismissal of this case, without prejudice.

DATED this   20th   day of January, 2011.

                                                  /s/ Ancer L. Haggerty          
                                                    Ancer L. Haggerty
                                            United States District Judge