IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHNNY ROTHY PALMER,<br><br>                        Plaintiff,<br><br>      v.<br><br>CLACKAMAS COUNTY, CLACKAMAS COUNTY SHERIFF'S OFFICE, and JOHN DOES 1-10,<br><br>                        Defendants. | Case No.: 3:10-CV-1147-ST<br><br>OPINION AND ORDER |

**SIMON, District Judge:**

      On January 3, 2012, Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#81) in the above-captioned case. Judge Stewart had previously issued an Order to Show Cause, advising the plaintiff to file a notice of change of address with the court or otherwise show cause why this action should not be dismissed for failure to prosecute (#66). The docket activity in this case suggests the case is being prosecuted not by the named plaintiff, but by Ryan Frank Bonneau. *See* Findings & Recommendations #81, 2-3. When the plaintiff filed other papers but did not respond to the Order to Show Cause or otherwise update his address, Judge Stewart recommended that this case be dismissed without prejudice and with a notation

that the dismissal should not be counted under 28 U.S.C. § 1915(g).[1] Neither party has filed objections. On January 9, 2012, the copy of the Findings and Recommendation sent to the plaintiff was returned as undeliverable (#83).

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If, however, no objections are filed, the Magistrates Act does not prescribe any standard of review. In such cases, "[t]here is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* the magistrate's findings and recommendations if objection is made, "but not otherwise").

Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

---

[1] That statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

No party having made objections, this court follows the recommendation of the Advisory Committee and reviews Magistrate Judge Stewart's findings and recommendation (#81) for clear error on the face of the record. No such error is apparent. Therefore the court orders that Judge Stewart's findings and recommendation (#81) is **ADOPTED**. The case is **DISMISSED** without prejudice. All other pending motions are **DENIED** as moot.

Dated this 3rd day of February, 2011

Michael H. Simon
United States District Judge